And let's next take up People v. Joseph Thomas. Please proceed, Counsel. Please proceed. Good morning, Counsel. Good morning. Good morning. May it please the Court. Alexander Montes representing Joseph S. Thomas. Mr. Thomas challenges the excess portion of his sentence as void. The trial court lacked the sentencing authority to impose an extended-term sentence upon him. As a result, the extended-term portion of his sentence is void. Because void sentences may be reached at any time, his court should vacate the extended-term portion of his sentence and instead impose the maximum non-extended-term portion. The outcome of this case is controlled by well-settled law. Indeed, in a 2009 opinion, the Fifth District explicitly recognized that when a defendant is not advised that an extended-term sentence is a possibility, the extended-term portion of that sentence is void pursuant to Section 582B of the Code. The Fifth District's 2009 opinion follows an established line of cases dating back over 30 years. Section 582 of the Code grants trial courts limited sentencing authority. The trial court does not have the inherent power to sentence defendants to extended terms. The legislature grants the trial courts a conditional power to sentence defendants to such terms. Under Section 582, when it is apparent of record that a defendant did not know that he would be subject to an extended term, the trial court must give the defendant an opportunity to withdraw his plea before imposing the extended term. Where, like here, the trial court seeks to resentence the defendant calling a probation revocation, the trial court cannot meet this condition. It cannot allow the defendant to withdraw his plea at that time. But because the trial court has not met Section 582's essential condition, it lacks the authority to impose an extended-term sentence under Section 582. If, like here, the trial court imposes an extended term anyway, then it is acted without authority, and the excess portion of the imposed sentence is voided. Here, in Mr. Thomas' guilty plea hearing, the trial court merely told Mr. Thomas, quote, if extended term applies for three years or as long as six years, end quote. Under Taylor, which the Fifth District has cited approvingly, we know that merely using the word if falls short, and it does not show on the record that Section 582's requirements were met. Here, the trial court lacked the authority to impose an extended-term sentence under Section 582 because it did not meet an essential condition under Section 582. By imposing the extended term upon Mr. Thomas, the trial court acted without authority. As a result, the excess portion of Mr. Thomas' sentence is void. Void sentences may be reached at any time. Accordingly, this court should vacate the extended-term portion of his sentence and impose the maximum non-extended term. If there are no questions, y'all. Thank you. Thank you. Mr. Taylor. Good morning, Your Honor. Mr. Court, counsel. I missed this McBride case when I was researching. I saw it for the first time, actually, in the defendant's reply brief. And it does say, what he says about the void, which is actually the first time the word void was attached to the statute. In terms of the effect of inadequate advisement of the defendant of the possibility of the extended term sentence. I take it you agree that this case was on pretty much all fours with Taylor. Yeah. And given this court's McBride decision, I guess I find myself largely now in the posture of preserving the issue and convincing the court of which one of the justices, Stewart, was one of the concurring justices of McBride. So, I'm not going to fool myself about my odds. But I do want to have a little bit of discussion about this, because I guess one of the problems that I have really kind of reduces down to the void versus voidable dichotomy, if you will, which is a subject of a lot of discussion in reviewing courts and the Supreme Court. Very few things are actually void. Void is an unusual and rare circumstance. It usually only occurs in two situations. One, where the court never requires either or both a personal subject matter jurisdiction. Or two, the court does something to which it lacked the inherent power to do. Now, courts have, I'm veering a little bit perhaps from the brief, but this is a fairly established law in terms of inherent power. It's a fairly broadly understood term in the sense that, you know, if we go back to these Apprendi cases of some years ago, the court found that these were something that got void because the court had the inherent power to impose extended term sentences, even if they were not found to be proper because they were not, beyond reasonable doubt, to permit the imposition of them. I guess I raise that particular aspect of it because then it comes down to really a discussion of the subsection of the statute, 730 ILCS 582B. And the question is whether or not that statute creates something which is void or voidable. And that's a particularly important consideration because, you know, in the case law where we come to probation revocation cases, it's fairly clear that your ability to attack anything related to the initial plea is extremely limited upon revocation and probation. In general, speaking limited only to those matters which relate to the probation revocation itself, the sentence or the procedure, that it's not likely that you can reach back. And hence, the waiver after the state raises.  Well, if the sentence is, in fact, the extended term portion of the statute, mind you, is, in fact, void, and I acknowledge that, I don't think that the fact that it's to be raised at any time, you can reach back to me after a probation revocation. I think that the problem that I have, and one that's articulated in the state's brief, though, is the emphasis on if it does not so appear in the record, the defendant shall not be subject to a sentence, to such a sentence. And then I think the analysis sort of drops off after that. But it doesn't end there. It continues by saying, unless he's first given an opportunity to withdraw his plea without prejudice. Now, if a sentence were void, and if the statutory construct was intended to create a situation where a court lacked an inherent power to impose a sentence, everything that occurs after the words sentence in that sentence is largely superfluous. Because whether the defendant has an opportunity to withdraw or not is immaterial. It's simply just an illegal sentence per se. So I have to think that in terms of statutory interpretation, the court has to give every word in the statute meaning, and it has to be meaning given context within the statute itself. And so it then becomes still to the question of whether it becomes void or void whole. We continue that discussion here. And I think that language to me, as I read it from a plain language standpoint, really defines it in terms of void ability and not voidness. And if that's true, then that changes the game to a substantial amount. Number one, it resurrects the waiver argument, the forfeiture argument. And number two, it substantially resurrects the argument about the court's ability to reach back to matters that concern the initial guilty plea, which is where my argument largely rests. And I think that's where my argument will probably rise or fall, is the interpretation of that statutory language and whether it creates a void or a voidable sentence. I understand it's reasonable for a reviewing court to read, shall not be subject to such a sentence as creating a void sentence. Again, my argument rests principally on the fact that it continues. And what it does then is it becomes not so much a constraint on the court's sentencing power, as a condition that can be executed by the defendant to get out of the plea. And then thus it becomes more of an admonishment issue that if you're not properly admonished and you essentially have an unfettered right with the defendant, that that can't be abridged even under the waiver rule, perhaps at least when we're talking about the initial plea, to get out of that extended term sentence. If that's the interpretation, then it's not a void question, it's a void ability. It requires the statute. We're talking about statutory interpretation now, not a due process argument per se, because the legislature is the one that's created this particular situation. They've said that if this is undeniable, if you haven't been given proper notice of it, then you have to be given the opportunity to withdraw your plea without prejudice. And that's just a matter of looking at the facts of the admonishments themselves. Then as a practical matter, you know, the defendant's given the opportunity to withdraw his plea. He hadn't opted to withdraw his plea for 34 days after he was suspended. Then he would be subject to extended term. Correct. And, you know, no doubt the next time he'd be advised. And so basically he would never get out from under the extended term. He would just have a choice of withdrawing his plea. I think that's probably fair characterization. Yep. And, again, it's really largely a matter of statutory interpretation. The defendant's got all the cases on his side. You know, I can dodge that fact. But I do ask this Court, at least at the outset, to take a hard look at that void versus voidability consideration, which was never really addressed in any of the prior reported decisions. And if so, fashion the decision, I hope, to take that into account to reconcile it. So I think this appears to be an interesting consideration about the effects of improperness. And that's assuming this Court agrees that the defendant was not advised of the possibility. Yes, the admonishment was similar, actually identical, to Taylor. So that's who I concede, although I think the dissent in Taylor also makes some valid points in that regard as well. But if this Court does, in fact, find that he was not properly given notice of the possibility, then I believe the threshold question will be voidness versus voidability. And if the former, then that's the end of it. If it's the latter, then the balance of the State's brief, I think, addresses that issue. Does the Court have any questions? No. Thank you, Counsel. Thank you very much. Any rebuttal, Mr. Marquez? The State alleges that the Taylor Court ignored the statutory language of Section 582, but the State's argument in its brief cites but part of one subdivision of the entire statute. Your Honor, as it looks at the statute, it is a limited grant of sentencing authority from the legislature to the trial court. In this instance, the trial court acted without that authority. The resulting extended term sentence in that extended term portion is, in fact, void. Your Honor, I'd just like to say that, you know, earlier on we filed a motion for expedited consideration on behalf of Mr. Thomas. That's because if this Court vacates the extended term portion of his sentence and the maximum non-extended term of three years is imposed, then Mr. Thomas' release date would have been July 1, 2013. Otherwise, I stand on my briefs, and I just want to draw that back to the Court's attention. All right. Thank you. We'll take this case under advisement, and we will take a recess. All rise.